IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY,

 Plaintiff,

v.   Civ. No. JKB-23-02746

GENERALI–U.S. BRANCH D/B/A THE
GENERAL INSURANCE COMPANY OF
TRIESTE & VENICE–U.S. BRANCH,

 Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Now pending before the Court is Defendant Generali–U.S. Branch ("Generali")'s Motion for Leave to File Amended Answer and Counterclaim (ECF No. 39.) Generali seeks to add a counterclaim for unjust enrichment. Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National") has responded, stating that it "is not addressing the substantive arguments pertaining to the counterclaim proposed by the Defendant." (ECF No. 40 at 6.) Penn National argues that it will be prejudiced by the proposed counterclaim unless it is given the opportunity to serve additional interrogatories that would be responsive to the proposed unjust enrichment claim. (*See generally id.*) For the following reasons, Generali's Motion will be granted, and the Court will authorize the parties to serve additional interrogatories.

Generali's filed the instant Motion on August 13, 2024, which was the deadline set by the Court's Scheduling Order for amendment of pleadings. (*See* ECF No. 34 at 2.) Because the Motion was timely filed, the standard for amending pleadings under Federal Rule of Civil Procedure 15(a)(2) applies (as opposed to the more onerous good cause standard under Rule 16(b)(4) that applies after the deadline for amendments has passed). Rule 15(a)(2) provides that

"[t]he court should freely give leave when justice so requires." Under this standard, a court should deny leave to amend only when: (1) the opposing party would be prejudiced; (2) the amendment is sought in bad faith; or (3) the proposed amendment would be futile. *G. W. Aru, LLC v. W. R. Grace & Co.-Conn.*, 344 F.R.D. 446, 449 (D. Md. 2023) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). "Ultimately, the decision whether to grant leave to amend a pleading generally falls within the sound discretion of the district court." *Jennings v. Frostburg State Univ.*, 679 F. Supp. 3d 240, 261 (D. Md. 2023).

Here, Penn National does not contend that the amendment is offered in bad faith or that it would be futile. Penn National simply argues that it would be prejudiced because it has already served all 25 interrogatories it is permitted under Rule 33. Thus, Penn National explains, it "was unable to ask any Interrogatories specific to this unjust enrichment claim and has been stripped of this discovery tool that it is entitled to pursuant to [Rule] 33." (ECF No. 40 at 5.)

The Court agrees that it would prejudice Penn National to permit the addition of the new counterclaim without allotting Penn National additional interrogatories to prepare for the defense of the counterclaim. However, as Penn National acknowledges (*see* ECF No. 40 at 5–6), there is a simple solution to this problem. Rule 33 permits the Court to authorize a party to serve more than the default limit of 25 interrogatories. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated *or ordered by the court*, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.") (emphasis added). So, the Court will grant Generali's Motion, and authorize both parties to serve additional interrogatories relating to the new unjust enrichment counterclaim.

2

Accordingly, it is ORDERED that:

1. Generali's Motion for Leave to File Amended Answer and Counterclaim (ECF No. 39) is GRANTED;

2. Generali SHALL FILE AND SERVE the proposed Amended Answer and Counterclaim attached to its Motion within 7 days of the date of this Memorandum and Order;

3. Penn National SHALL FILE a responsive pleading to Generali's counterclaim within 21 days of the date of Generali's service of the Amended Answer and Counterclaim; and

4. Each Party is AUTHORIZED to serve an additional 12 Interrogatories on its opponent, for a total of 37 Interrogatories per side.

DATED this __12__ day of September, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge