IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PENNSYLVANIA NATIONAL MUTUAL  *
CASUALTY INSURANCE COMPANY,

    **Plaintiff,**    *

    v.    *    Civ. No. JKB-23-02746

GENERALI–U.S. BRANCH D/B/A THE
GENERAL INSURANCE COMPANY OF  *
TRIESTE & VENICE–U.S. BRANCH,

    **Defendant.**    *

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending before the Court is a Motion to Quash Deposition Notice and Subpoena (the "Motion to Quash") filed by Frederick Mutual Insurance Company ("Frederick Mutual"), which is not a party to this action. (ECF No. 52.) The Motion to Quash seeks to relieve Frederick Mutual of the obligation to comply with a subpoena issued by Defendant Generali–U.S. Branch. (*See generally id.*) The Motion to Quash, which is unopposed, will be granted.

I.    **Background and Procedural History**

This "action stems from a dispute between the [P]arties over their respective insurance payout responsibilities associated with an accident in 2018 in which several individuals sustained injuries at a short-term rental residence." (ECF No. 25 at 1.) Pursuant to the Parties' joint request as approved by the Court, discovery closed on March 10, 2025, and dispositive pretrial motions are due on April 10, 2025. (ECF No. 55.)

On January 27, 2025, Defendant served on Frederick Mutual a subpoena and deposition notice, requiring a Frederick Mutual corporate designee to appear for a deposition in Philadelphia,

Pennsylvania on February 5, 2025, and requiring the production of various documents. (ECF No. 52 at 1–2.) Frederick Mutual filed the instant Motion to Quash on February 4, the day before the deposition was due to occur. The Court understands from more recent joint filings that the deposition never took place, but that Defendant continued to actively seek to schedule a deposition and obtain documents from Frederick Mutual, or else to resolve the matter amicably. (*See* ECF No. 54 at 3–4; ECF No. 56 at 1; ECF No. 58 at 1.)

Pursuant to Local Rule 105.2(a), Defendant's response in opposition to the Motion to Quash was due within 14 days of February 4, 2025. However, the Court granted, at Defendant's request, two extensions to the filing deadline. First, the Court extended the deadline to March 7, 2025. (ECF No. 57.) Then, the Court granted a further extension to March 17, 2025. (ECF No. 61.) The March 17 deadline has come and gone, and Defendant has still not responded to the Motion to Quash.

**II.   Analysis**

Defendant had more than ample time to respond to the Motion to Quash, and failed to do so. Accordingly, the Motion to Quash is deemed unopposed, and can be granted on that basis alone. *See O'Briant v. Renner*, Civ. No. GLR-18-1324, 2019 WL 9078709, at *3 (D. Md. Mar. 28, 2019) (explaining that the Court has discretion to grant motions as unopposed when the opposing party fails to respond); *see also In re Berliner*, Civ. No. 97MS-25-LFO, 1997 WL 269492, at *1 (D.D.C. May 9, 1997) (granting a motion to quash as unopposed); *Princeton Digital Image Corp. v. Dell, Inc.*, No. 1-15-MC-100 RP, 2015 WL 12746118, at *1 (W.D. Tex. Mar. 16, 2015) (same).

Beyond that, the Motion to Quash appears substantively reasonable. Frederick Mutual identifies several problems with the subpoena. For one, the subpoena requires the deposition to

take place in Philadelphia, but Frederick Mutual represents that it is headquartered in Frederick Maryland, approximately 125 miles away from Philadelphia.[1] (ECF No. 52 at 3–4.) This matters because, under Federal Rule of Civil Procedure 45, which governs subpoenas, a subpoena may command out-of-state attendance "only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A); *id.* 45(c)(3)(A)(ii). For another, the original subpoena gave Frederick Mutual a mere seven business days to respond to a request that it represents would entail combing through "tens of thousands of pages of documents" relating to an earlier lawsuit. (ECF No. 52 at 3.) Under these circumstances, Frederick Mutual was not given a "reasonable time to comply" with the request, as required by Rule 45. Fed. R. Civ. P. 45(c)(3)(A)(i); *see Paragon Fid. & Guar. Life Ins. Co. v. United Advisory Grp.*, Civ. No. JFM-13-40, 2016 WL 632025, at *11 (D. Md. Feb. 17, 2016) (holding that a seven-day compliance deadline was unreasonable when the requester sought extensive documents). Moreover, many of the documents sought are communications between the Parties and Frederick Mutual. (ECF No. 52 at 4.) As Frederick Mutual explains, these documents are likely already in the possession of the Parties (*id.*), which tends to undercut the need for third-party discovery under the proportionality analysis. *See Va. Dep't of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (explaining that a party seeking discovery against a nonparty faces a "more demanding variant of the proportionality analysis" and that the party "should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one

---

[1] Frederick Mutual says the locations are at least 150 miles apart (ECF No. 52 at 4), but this calculation appears to be based on driving distance. For purposes of Rule 45(c), however, "the 100 mile radius . . . is measured in a straight line, *i.e.*, 'as the crow flies,' and not by the usual driving route." *Universitas Educ., LLC v. Nova Grp.*, Civ. No. 11-1590-LTS-HBP, 2013 WL 57892, at *2 (S.D.N.Y. Jan. 4, 2013) (collecting cases). The Court takes judicial notice of the straight-line distance between Frederick and Philadelphia. In any event, the exact distance is immaterial, since it is over 100 miles regardless of the calculation.

of the parties to the litigation"). For these reasons, the Court concludes that quashing the subpoena is appropriate under Rule 45(c)(3).

Finally, the Court considers the schedule. With the exception of this outstanding dispute, discovery is closed. (*See* ECF No. 55.) Dispositive pretrial motions are due in less than three weeks. (*Id.*) The deadlines have already been extended numerous times, and permitting the deposition of a nonparty now would only delay this case further. In these circumstances, permitting the enforcement of the subpoena would run contrary to the Court's obligation to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

### III. Conclusion

For the foregoing reasons, it is ORDERED that Frederick Mutual's Motion to Quash (ECF No. 52) is GRANTED.

DATED this 25 day of March, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge